IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05cv309

| | |
|---|---|
| CHARLES DARREN JETER, | ) |
| Plaintiff | ) |
| | ) ORDER |
| v | ) |
| | ) |
| ASHEVILLE MAINTENANCE AND CONSTRUCTION, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the following motions:

I. The motion of Lianne Meilhac and Amerisure Mutual Insurance Company to quash a subpoena or in the alternative for a protection order (#10) and an objection and response by Lianne Meilhac and Amerisure Mutual Insurance Company to plaintiff's subpoena duces tecum (#11);

II. Defendant's motion to compel the plaintiff to give testimony at his deposition and further request for attorney fees and cost, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure (#16);

III. Plaintiff's motion for a protective order to regulate discovery and to extend discovery deadlines and to change trial date (#22).

Having conducted a hearing on September 28, 2006 the court enters the following findings and order.

### Findings and Conclusions

**I.   Background**

In this case, the plaintiff alleges that he was employed by the defendant and in the course and scope of that employment, that plaintiff sustained an injury to his back (Complaint ¶ 8-9). Plaintiff further alleges that thereafter he was terminated from his employment. In his complaint, the plaintiff alleges causes of action under the Americans

With Disabilities Act, the Retaliatory Employment Discrimination Act, wrongful discharge in violation of public policy and negligent infliction of emotional distress. Defendant filed answer on February 13, 2006 denying the allegations in the complaint.

In May 2006 the defendant initiated efforts to schedule the taking of the deposition of the plaintiff. The defendant attempted to schedule the taking of the plaintiff's deposition for June 20, 2006. The plaintiff took the position that he did not have to submit for the taking of his deposition until the defendant had answered the plaintiff's interrogatories and responded to the plaintiff's request to produce documents and further, until the plaintiff's counsel had sufficient time to review those documents. Defendant filed a motion to compel the taking of the plaintiff's deposition on August 21, 2006. On the date of the hearing the plaintiff's deposition had not yet been taken.

On July 11, 2006 the plaintiff issued a subpoena duces tecum, pursuant to Rule 45 of the Federal Rules of Civil Procedure directed to Lianne Meilhac and Amerisure Mutual Insurance Company who is the workers' compensation insurance carrier defending the workers' compensation claim brought by the plaintiff against the defendant. Ms. Meilhac and Amerisure Mutual Insurance Company filed a motion to quash the subpoena and an objection to the subpoena. At the time of the hearing of this motion on September 28, 2006, all issues concerning the motion to quash and the objection had been resolved, except the following:

1. Whether Amerisure Mutual Insurance Company would provide the home and business addresses and telephone numbers of two former employees of Amerisure Mutual Insurance Company, that being Jeanne Goodman and Mitzi Earnhart.

2. Whether the court should order the production of eight pages of notes of various telephone communications between Amerisure Mutual Insurance Company and the defendant; and

3. Whether the court should order the production of video tapes made by Amerisure Mutual Insurance Company's private investigator made of the plaintiff and reports of the investigator regarding those video tapes.

**II. The Subpoena**

A non-party, such as Ms. Meilhac and Amerisure, may seek from the court protection from discovery through the overlapping and interrelated provisions of Rule 26 and Rule 45 of the Federal Rules of Civil Procedure. A non-party moving to quash a subpoena is in the same position as a party moving for a protective order. The court hearing the motion is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit. Mannington Mills, inc. v Armstrong World Industries, Inc., 206 F.R.D. 525 (Del. 2002); Micro Motion, Incorporated v Kane Steel Co., Inc. 894 F2d 1318, 1323 (Fed. Cir. 1990). In addition, other factors to be considered in the balancing test are set forth in Anker v G.D. Searle & Co., 126 F.R.D. 515 (M.D.N.C. 1989), which are of particular interest when the party subpoenaed to produce documents is a non-party. Anker, at 519 and 522.

From the briefs and arguments it is the opinion of the court that the information and documents sought by the plaintiff are all relevant and that the plaintiff has a need for the documents. As to the factor of confidentiality and harm, there does appear to be a question as to whether or not the home address and telephone number of Ms. Goodman and Ms. Earnhart should be provided, but that concern can be satisfied by ordering the production of the information under the protection of a protective order.

The court has examined the eight pages of notes of telephone calls and finds that confidentiality is a question in regard to a note of a telephone call made on November 23,

2004, a Tuesday at 16:28.  The note references a discussion with counsel for Amerisure.  The contents of that telephone call are protected from discovery based upon attorney/client privilege.  Ms. Meilhac and Amerisure will be required to produce the eight pages of notes but will be required to redact the notes of the call of November 23, 2004 at 16:28.

Counsel for Amerisure has advised the court that he has shown the video tape to counsel for the plaintiff and has agreed to provide a copy to plaintiff's counsel along with the investigative notes of this surveillance.   As a result, it appears to the court and the court will find that this issue has been resolved.

The court will order that Ms. Meilhac and Amerisure disclose to plaintiff's counsel and defendant's counsel the business and home addresses and business and home telephone numbers of Ms. Goodman and Ms. Earnhart.  This disclosure shall be subject to a protective order.  Plaintiff's counsel and Defendant's counsel is hereby ordered not to disclose the addresses or the telephone numbers of Ms. Goodman or Ms. Earnhart to any person other than a detective properly licensed as a private investigator who shall be in the employ of either plaintiff's counsel or defendant's counsel for the purpose of serving  subpoenas upon Ms. Goodman or Ms. Earnhart requiring them to be present for the taking of their deposition or for the purpose of compelling their testimony at trial.  The addresses and telephone numbers shall not be disclosed to any other person.

### III.    Motion to Compel

The defendant has sought to depose the plaintiff since May of 2006 (defendant's motion exhibits A & B).  Plaintiff's counsel has responded to these request stating that he is unwilling to produce the plaintiff for the deposition because plaintiff's counsel has not obtained "necessary discovery" to prepare the plaintiff for the deposition (defendant's motion exhibit C).  By letter dated 15 August 2006 and notice to take the deposition of the plaintiff, the defendant has again attempted to depose the plaintiff on September 6, 2006 (defendant's

motion exhibit E). Again, the plaintiff declined to be deposed. The defendant, on August 21, 2006 filed a motion to compel the plaintiff to present himself for the deposition and has requested that counsel fees and costs incurred by the defendant concerning the motion to compel be ordered to be paid by the plaintiff or plaintiff's counsel.

Rule 37(d) of the Federal Rules of Civil Procedure provides as follows:

> If a party.....fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, .....the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of Subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party, or both, to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It appears from the documents presented by the defendant that the plaintiff was served with a notice of deposition on May 30, 2006 (defendant's motion exhibit B) and was later served with another notice of the taking of such deposition on August 15, 2006 (defendant's motion exhibit F). The plaintiff failed to present himself for the taking of either deposition. The plaintiff has made the contention that he will not be deposed until he and his counsel have had adequate time to prepare for the deposition. In his responsive brief, plaintiff's counsel states:

> "At any such deposition, AMC's counsel will pose the obvious and inevitable question of what evidence he has to support his legal claims. Without having had time to review that evidence with his counsel, Jeter cannot fully answer that question, or other questions that are designed to obtain admissions for purposes of a summary judgment.
>
> What AMC is attempted to do is follow the familiar script of 'jamming' plaintiff in his efforts to obtain discovery in the case, and then use that obstruction of the discovery process against Jeter in support of its intention to gain summary judgment."

The contention of the plaintiff is in contradiction of Rule 26(d) of the Federal Rules of Civil Procedure.

5

<blockquote>
<u>Timing and Sequence of Discovery</u>.......Unless the court upon motion, for the convenience of parties and witnesses and in the interest of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other parties discovery.
</blockquote>

The commentary to the 1970 amendment to Rule 26 sets forth the principles that were considered in adopting this rule that discovery of one party should not wait upon the other parties discovery and abrogating from federal proceedings the so called "priority rule". The court will not repeat the commentary herein. Suffice it to say, it is self-explanatory. The judges of the Western District of North Carolina have made it their particular concern that civil cases be administered such that there shall be a swift and sure administration of justice. To allow the plaintiff to delay the taking of his deposition by the defendant thwarts and obstructs the position of the court. The court understands the plaintiff's concerns about questions that may be asked at his deposition. The court is aware, however, that evidence necessary to support the plaintiff's claims may be in the possession of the defendant and could be discovered after the plaintiff's deposition. Such material can be presented, either though affidavit or by supplementation as required by Rule 26(e) of the Rules of Civil Procedure, and thus the taking of the plaintiff's deposition should not prejudice him in any degree whatsoever. As a result of the foregoing, the court will allow the defendant's motion to compel and will enter an order directing that the plaintiff present himself for the taking of his deposition on October 13, 2006 at 9:00 o'clock a.m. in the office of Jack W. Westall, Jr., attorney at law, Westall Gray Connolly & Davis, 81 Central Avenue, Asheville, NC.

As to fees and costs, the defendant is hereby ordered to file an affidavit as to the amount of time spent by defendant's counsel in regard to presenting the motion to compel and the amount and reasonableness as to the hourly fee and any costs incurred. This affidavit shall be filed on or before October 5, 2006. The plaintiff shall have until October 12, 2006 to respond to said affidavit and as to the issue of whether or not the court should find that the

plaintiff's failure to present himself to be deposed was substantially justified or that other circumstances make an award of expenses unjust. The court shall then hear from the plaintiff and the defendant as to the allowance of fees and costs and the amount of such fees and costs on October 17, 2006 at 2:00 o'clock p.m. The plaintiff's motion for a protective order will be denied.

### IV. Motion to Extend Discovery Deadline and to Change Trial Date

The plaintiff and the defendant have agreed that the discovery deadline needs to be extended. Due to the circumstances involved in this case, that being that the plaintiff has refused to present himself for the taking of his deposition and also due to the number of documents that the plaintiff contends that he needs to review (affidavit of defendant's counsel ¶ 12, 13, 17), the court agrees to the extension of the discovery deadlines. The court does not agree in regard to the trial date and will not extend the trial date in this matter. The court will modify the pretrial order filed on April 28, 2006 as follows:

| | |
|---|---|
| Discovery completion: | November 30, 2006 |
| Mediation completion: | December 15, 2006 |
| Dispositive motions: | December 30, 2006 |

and will enter a new pretrial order reflecting those extensions. As a result, the plaintiff's motion to extend the discovery deadlines is allowed. The plaintiff's motion to change the trial date will be denied.

### V. Depositions

In open court the parties discussed the timing of the taking of the depositions of Jeanne Goodman, Mitzi Earnhart and Mike Fitzgerald. To assist the parties in completing discovery in this matter as expeditiously as possible, the court entered into those discussions and will order that the depositions of Jeanne Goodman, Mitzi Earnhart and Mike Fitzgerald be scheduled for October 16 and 17, 2006. One of the depositions shall be taken at 9:00 o'clock a.m.; another deposition at 2:00 o'clock p.m. on October 16th. The final and third

deposition shall be taken at 9:00 o'clock a.m. on the morning of October 17th. Should there be any scheduling difficulties regarding the service of depositions for the taking of these non-party witnesses, then both plaintiff and defendant's counsel are to immediately advise the court so that new dates can be scheduled if the parties cannot agree to do so themselves.

## ORDER

**IT IS, THEREFORE**, **ORDERED**:

1. That the motion of Lianne Meilhac and Amerisure Mutual Insurance Company to quash plaintiff's subpoena duces tecum and the objection to the subpoena of Lianne Meilhac and Amerisure Mutual Insurance Company are **DENIED** and it is specifically ordered that:

    (a) Ms. Meilhac and Amerisure Mutual Insurance Company are ordered to provide to the plaintiff the business and home address and business and home telephone numbers of Jeanne Goodman and Mitzi Earnhart, subject to the protective order entered below;

    (b) Ms. Meilhac and Amerisure Mutual Insurance Company are hereby ordered to provide to the plaintiff eight pages of notes of telephone call notes that had been reviewed by the court, except a note of a telephone call made on November 23, 2004 at 16:28 hours. The information in that note is to be deleted from the eight pages of notes provided to the plaintiff;

    (c) Ms. Meilhac and Amerisure Mutual Insurance Company are hereby ordered to provide to plaintiff's counsel copies of surveillance tapes made of the plaintiff and of documents relating to the reports of surveillance of the plaintiff made by investigators in the employ of Amerisure Mutual Insurance Company.

2. It is hereby ordered that a Protective Order is hereby issued and that plaintiff's

counsel and defendant's counsel are ordered and directed not to disclose to any other person the home or business address or home or business telephone numbers of Jeanne Goodman and Mitzi Earnhart other than that as is necessary to disclose those addresses to a licensed investigator who has been employed by either plaintiff or defendant's counsel to serve a subpoena upon either Ms. Goodman or Ms. Earnhart for the purpose of securing the testimony of either Ms. Goodman or Ms. Earnhart at a deposition or at trial. No other disclosures of the home or business or telephone numbers of Ms. Goodman or Ms. Earnhart are to be made whatsoever by any party herein.

3. The motion to compel the plaintiff's presence at the taking of his deposition is hereby **ALLOWED** and it is ordered that the plaintiff present himself to be deposed by the defendant on October 13, 2006 at 9:00 o'clock a.m. in the office of Jack W. Westall, Jr., attorney at law, Westall Gray Connolly & Davis, 81 Central Avenue, Asheville, NC.

4. It is further ordered that defendant's counsel shall file, on or before, October 5, 2006 an affidavit setting forth the amount of time, costs and expense that have been incurred by the defendant in presenting the motion to compel. Included in the affidavit shall be a statement of the amount of time spent, the hourly rate of charge, and the reasonableness of that hourly rate of charge. The plaintiff shall have until October 12, 2006 to respond to said affidavit. The court shall hear from the plaintiff and the defendant as to the allowance of fees and costs on October 17, 2006 at 2:00 o'clock p.m. In the response of the plaintiff, plaintiff's counsel shall be allowed to present arguments as to why the plaintiff's failure to present himself for the taking of his deposition on two previous occasions was substantially justified or what other circumstances make an award of expenses in this matter unfair.

5. The motion of the plaintiff for a protective order is hereby **DENIED**.

6. The motion of the plaintiff to extend the discovery deadlines is **ALLOWED** and the plaintiff's motion to change the trial date is **DENIED.** The court will modify the

pretrial order filed in this matter on April 28, 2006 to provide that the discovery completion date shall be extended to November 30, 2006, the deadline for mediation shall be extended to December 15, 2006 and the deadline for the filing of dispositive motions shall be extended until December 30, 2006.

7. It is further ordered that the depositions of Jeanne Goodman, Mitzi Earnhart and Mike Fitzgerald shall be taken at 9:00 o'clock a.m. and at 2:00 o'clock p.m. on October 16th and at 9:00 o'clock a.m. on the morning of October 17th.

Signed: October 13, 2006

Dennis L. Howell
United States Magistrate Judge