# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05cv309

| | |
|---|---|
| CHARLES DARREN JETER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ASHEVILLE MAINTENANCE & ) | |
| CONSTRUCTION, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion for Fees (#32). On October 17, 2006, a hearing was held in Asheville on defendant's application for costs and fees as the prevailing party on its Motion to Compel (#16). By Order dated October 13, 2006 (#35), this court granted defendant's motion seeking to compel plaintiff's attendance at his own deposition. As discussed in that Order, the court found that plaintiff's refusal to submit himself for a deposition was unjustified as a matter of law. Defendant now seeks its fees and costs in prosecuting such motion.

Where a motion to compel is granted, Rule 37(a)(4)(A), Federal Rules of Civil Procedure, provides as follows:

> [T]he court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A).

Plaintiff first argues that in filing the Motion to Compel, counsel for defendant failed to comply with Local Rule 7.1, which requires attorneys to consult with their opponents prior to filing motions and to reflect such consultation in the motion. This argument is without merit for two reasons. First, plaintiff failed to raise such argument in his 11-page response to the Motion to Compel (#23), and such argument is waived. Second, the consultation requirements of Federal Rule 37(a)(4) are separate and distinct from Local Rule 7.1, in that the Federal Rule looks to whether the moving party made "a good faith effort to obtain the disclosure or discovery" before filing the Motion to Compel. The court need look no further than *plaintiff's* own response to find the substantial efforts made by counsel for defendant in attempting to secure plaintiff's deposition prior to filing the motion.

The court has next considered whether plaintiff's refusal to attend his own deposition was "substantially justified." The answer to this inquiry is clearly and patently "no" inasmuch as the refusal was contrary to the plain language of the Federal Rules, as discussed in the previous Order allowing the Motion to Compel. Rule 26(d) provides in relevant part, as follows:

> Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Fed.R.Civ.P. 26(d).

Finally, the court has considered whether other circumstances make an award of expenses unjust. In this case, the court has considered the economic impact an award of expenses will have on the parties and has, in particular, considered that plaintiff is an hourly worker and that defendant is a corporation which likely has modest to substantial revenues. In addition, the court has considered the relative fault of plaintiff in this matter and determined that the fault lies with his counsel in making an erroneous legal decision.

Considering those factors, the court will require counsel for plaintiff, and not plaintiff, to pay any fees and costs awarded by this Order. The court has received no information concerning plaintiff's counsel's ability to pay, but the court has assumed that plaintiff's two person firm is vastly out capitalized by the firm representing defendant. Imposing an award of fees and costs that would effectively put the firm of plaintiff's counsel out of business or render it incapable of prosecuting this action would be unjust.

In fashioning an appropriate award under Rule 37, the Court of Appeals for the Fourth Circuit has consistently held that a court should award "only those fees and expenses flowing from the abuse of the discovery process . . . ." Smith v. US Sprint, 1994 WL 62338, *5 (4th Cir. 1994)[1] (*citing* Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir.1975)).

The court has compared the affidavits submitted by defendant's counsel with the briefs in support and reply and finds that the hours billed for preparing the motion and briefs are reasonable. Counsel for defendant has billed for a lengthy phone call with counsel for plaintiff after the response in opposition was filed. If fees were awarded for a call between counsel, presumably discussing the motion and attempting to resolve it, the court fears that such an award would have a chilling effect on discussions that should be encouraged. The court will, therefore, reduce the hours by 1.5 hours. Counsel for defendant has also billed for travel time to and from Charlotte. No doubt, this is a reasonable expense; however, local counsel for defendant appears of record. Based on the reputation of such local attorney, it would have been well within the substantial abilities of local counsel to argue the motion and argue it well,[2] and the court will strike four hours of travel time, but award back one hour of

---

[1] Due to the limits of electronic case filing, a copy of such unpublished decision is placed in the electronic record through reference to the Westlaw citation.

[2] While some argument could be made that Mr. Westall would have had more hours in "getting up to speed," defendant's argument was based on such a well known

travel time inasmuch as even local counsel would have had to travel to and from the courthouse on at least two occasions.

The court has also considered defendant's billing rates, which are $340.00 per hour for a partner with over 20 years experience and $180.00 an hour for an associate with less than three years experience. While those fees would well be within reason for representation by a top firm in Charlotte, this court must look to what is reasonable in the division in which this case is pending. In what appears to be the most recent decision in the Asheville Division, the district court found a $225.00 hourly rate reasonable for a partner with comparable legal experience to that of lead counsel herein and $190.00 for an associate with slightly more legal experience than associate counsel herein. Wahler v. Countrywide Home Loans, Inc., 1:05cv349 (W.D.N.C. June 14, 2006). In this case, the court finds a rate of $225.00 reasonable for lead counsel and $180.00 reasonable for work of an associate, reducing the fees from $5,982.00 to $3348.00. Taking into account the impact that such an award may have on a small firm which takes on cases that other firms may find to be too risky, the court will further reduce the award to $3000.00. Such amount shall be paid to counsel for defendant within 10 days of receipt of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Fees (#32) is **ALLOWED**, and counsel for plaintiff shall pay directly to counsel for defendant $3000.00 as fees and costs in prosecuting the Motion to Compel. Such amount is due and payable to counsel for defendant within 10 days of entry of this Order.

---

proposition of law that little preparation time would be required.

Signed: October 23, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge